NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKILAH YOUNG,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>ZAPPOS.COM, INC.; et al.,<br><br>             Defendants - Appellees. | No. 10-16545<br><br>D.C. No. 2:08-cv-00741-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Akilah Young appeals pro se from the district court's summary judgment in

her employment action alleging violations of Title VII and state law. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of*

*Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Young's sexual harassment claims because Young failed to raise a genuine dispute of material fact as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of her employment, and whether Zappos.com, Inc. took adequate corrective action once it had notice of the alleged harassment. *See Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cir. 2001) (explaining plaintiff's burden in establishing a harassment claim under Title VII and employer's responsibility to take corrective action); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (Nevada courts look to Title VII cases for guidance in analyzing state discrimination claims).

The district court properly granted summary judgment on Young's retaliation claims because Young failed to raise a genuine dispute of material fact as to whether there was a causal link between her protected activities and termination, and whether Zappos.com, Inc.'s legitimate, nondiscriminatory reasons for Young's termination were pretextual. *See Vasquez*, 349 F.3d at 646-47 (explaining plaintiff's burden in establishing a retaliation claim).

The district court properly concluded that Young's tort claims were preempted by Nevada's workers' compensation scheme. *See Wood v. Safeway, Inc.*, 121 P.3d 1026, 1031-34 (Nev. 2005) (per curiam) (employee's tort claims

arising from sexual assault by co-worker at their workplace preempted by

Nevada's workers' compensation scheme).

Young's remaining contentions, including those regarding her breach of

contract claim, are unpersuasive.

We do not consider Young's contentions raised for the first time on appeal.

*See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**